358 So.2d 1292 (1978)
Robert J. YOUNG, Jr., Plaintiff-Appellant,
v.
Dalton A. MORVANT et al., Defendants-Appellees.
No. 6430.
Court of Appeal of Louisiana, Third Circuit.
April 11, 1978.
Rehearing Denied May 24, 1978.
*1294 Broussard, Broussard & Moresi, Paul G. Moresi, Abbeville, for plaintiff-appellant.
William J. Burris, Lafayette, for defendant-appellee.
Daniel Regard, New Iberia, for defendant-appellee.
Ross A. Brupbacher, New Iberia, John Rixie Mouton, Lafayette, for defendant-appellee.
Rogers and Sellers by Roger C. Sellers, Abbeville, for defendant-appellee.
Before WATSON, GUIDRY and FORET, JJ.
GUIDRY, Judge.
This is a boundary action. Plaintiff seeks to have established the common boundary between a parcel of land owned by him and property located south thereof owned by defendant, Dalton Morvant. In addition, plaintiff seeks to have established the boundary between three other tracts of land located south of the Morvant tract, which tracts together with the Young and Morvant tracts originally comprised a 41 acre tract. The 41 acre tract of land was partitioned in the year 1969 by the five heirs of Ophe and Alzina Hebert into five separate tracts, which tracts were allotted as set forth on the following sketch which was attached to the instrument of partition:
*1295 *1296 Plaintiff acquired tract 5 from the heirs of Elta Hebert Broussard in August of 1975. Defendant, Dalton Morvant, acquired tract 4 from Esther Hebert in March of 1975. Tract 3 is presently owned in divided parts by Lyman Lee Meaux, Noah P. Harrington, Marietta R. Harrington and Aristile Baudoin; tract 2 is presently owned by Nolan Trahan; and, tract 1 is presently owned by Jean Auron Cormier. Plaintiff joined as defendants in this proceeding the present owners of tracts 1, 2, 3 and 4 and their respective ancestors in title who were owners at the time of the 1969 partition. Answers in the nature of a general denial were filed by all defendants excepting Roy Hebert, Lyman Lee Meaux, Noah P. Harrington and Marietta Harrington, a preliminary default being entered against the latter three several days prior to trial. Exceptions of no cause and no right of action were filed by the Hebert defendants. Exceptions pleading the prescription of 5 years as provided for by LSA-R.C.C. Article 3542 were filed by the present owners of tracts 1, 2, 3 and 4, excepting Lyman Lee Maux, Noah P. Harrington and Marietta Harrington. An exception of non-joinder of indispensable parties was filed by Baudoin and others seeking joinder of the ancestors in title of plaintiff. By various third party demands the present owners of tracts 1, 2, 3 and 4 called their ancestors in title in warranty seeking indemnification for any loss sustained. Although the record is not entirely clear on this point, presumably the exceptions were referred to the merits, and as a result of three separate judgments dated June 9, 1977, June 13, 1977 and August 3, 1977, plaintiff's suit was dismissed as to all defendants at his cost. The June 9, 1977 and June 13,1977 judgments dismissed plaintiff's suit as against Roy Hebert, Aristile Baudoin, Nolan Trahan and Jean Auron Cormier, on the exceptions of prescription filed by them. The August 3, 1977 judgment dismissed plaintiff's suit as against all remaining defendants. Plaintiff appealed.
Subsequent to the record being filed with this court, three separate motions to dismiss plaintiff's appeal, as untimely, were filed by Roy Hebert, Esther Hebert, Jean Auron Cormier, Aristile Baudoin and Nolan Trahan. Plaintiff in oral argument before this court concedes that his appeal, insofar as Roy Hebert, Jean Auron Cormier, Aristile Baudoin and Nolan Trahan are concerned, was untimely. We agree and will order that plaintiff's appeal be dismissed as to these defendants.
Plaintiff resists dismissal of his appeal insofar as Esther Hebert is concerned. As to defendant Esther Hebert, plaintiff's appeal is timely, and we deny her motion to dismiss. The formal judgment in her favor was signed on August 3, 1977. Since the matter was taken under advisement, the delay allowed for appeal did not begin to run until August 5, 1977, the day after the mailing of the notice of judgment. LSA-C. C.P. Articles 1913 and 1974. Thus, plaintiff had until October 14, 1977 to perfect his appeal to Esther Hebert and the remaining defendants. LSA-C.C.P. Article 2087. Plaintiff's appeal is thus timely as it was perfected as to all remaining defendants, including Esther Hebert, on September 1, 1977.
Plaintiff assigns the following errors:
(1) The trial court's sustaining of the exceptions of prescription as to all defendants other than Morvant;
(2) The trial court's conclusion that the common boundary between plaintiff's and Morvant's tracts was established and correctly staked as a result of the 1969 partition; and,
(3) The trial court's dismissal of plaintiff's suit as against Dalton Morvant.
We first consider correctness of the trial court's dismissal of the instant suit as to all defendants other than Dalton Morvant.
Although we agree with the result reached in this regard by the trial judge, we believe that he erred in dismissing all defendants, other than Morvant, on the basis of the exceptions of prescription. LSA-R. C.C. Article 3542 provides that an action for rescission of a partition is prescribed in 5 years. Plaintiff in this suit does not seek a rescission of the 1969 partition but rather *1297 seeks to have established the boundaries between the several tracts allotted therein. The cited article is clearly inapplicable to the instant suit. Whatever right plaintiff may have to fix boundaries is imprescriptible. LSA-R.C.C. Article 825.[1]
We believe however, that plaintiff's suit as against all defendants, other than Morvant, should have been dismissed either on the exceptions of no cause or right of action or on the merits.
It is well established that a suit to have a boundary line fixed is available only for the purpose of separating contiguous or adjacent estates. LSA-R.C.C. Article 823; Moss v. Drost, 130 La. 285, 57 So. 929 (1912). The only exception to the above rule is that set forth in LSA-R.C.C. Article 827 which provides for a fixing of boundaries between several coproprietors, when a partition of the property held in common takes place. Plaintiff does not allege nor contend that his property (tract 5) is adjacent or contiguous to any of the properties of the defendants other than Dalton Morvant. Therefore the action of boundary is not available to plaintiff insofar as the owners of tracts 3, 2 and 1 are concerned unless the exception in Article 827 applies. We conclude that the latter article is inapplicable because the instant action is not one between several co-owners incident to a partition of property held in common. For the above reasons we conclude that the result reached by the trial court, i. e., dismissal of the instant suit as to all defendants, other than Dalton Morvant, is correct.
Appellant's next assignment of error questions correctness of the trial judge's conclusion that the boundary between the Young and Morvant tracts (tracts 5 and 4) was established by the 1969 partition agreement. Appellant additionally questions correctness of the trial court's conclusion that the division line between parcels 5 and 4 was correctly established and staked on the ground pursuant to the partition agreement and the sketch attached thereto. We conclude that the boundary between the Young and Morvant tracts was established by the 1969 partition agreement.
Prior to execution of the partition agreement Chester Hebert, one of the heirs of Ophe and Alzina Hebert, measured the forty-one acre tract held in common and subdivided same into five parcels. He then proceeded to stake each parcel at its southeast and southwest corners and tract 5 on its northeast and northwest corners, as well. He then prepared a sketch showing the division, which sketch is annexed to the instrument of partition. This map or sketch has been previously shown herein. Prior to execution of the partition agreement all parties, or their authorized representatives, approved the division of the property as staked and drew lots. Thereafter the agreement of partition was executed and recorded. We consider that under these circumstances the partition agreement constituted an extra judicial fixing of the boundaries of the several tracts as between the parties. We recognize that the fixing of the limits of the several tracts was not done by a sworn surveyor however, this is no longer required in instances where boundaries are established extra judicially by agreement of all parties. LSA-R.C.C. Article 833 as amended by Act 156 of 1968.
Appellant next contends that the boundaries between the several tracts were incorrectly established and staked, do not conform to the division as set forth in the partition and should be rectified. LSA-R. C.C. Article 853. The trial court did not address this issue directly but simply held as follows:
"The court is satisfied from the testimony that when the original partition was made the boundaries were fixed and marked by stakes and all of the heirs were satisfied. A dispute arose only after *1298 the plaintiff purchased his tract of land."
"The court accordingly holds that the boundaries were established as staked and as shown on the plat attached to the original partition."
We ultimately agree with the trial court that the boundary between the properties of Young and Morvant (tracts 5 and 4) is as staked and as shown on the plat attached to the partition, however, we prefer to do so based upon a finding that there are no errors or omissions to be rectified.
The partition agreement provides that the 41 acre tract owned in common is to be divided so as to allot to each co-owner the "approximate one-fifth" of the property, reserving to all parties in indivision a strip north of tract 5 "occupied by a private road and a drainage right-of-way". We quote from the partition agreement the exact language employed in the latter reservation:
"Appearers declare and acknowledge that the northerlymost 35 feet of the tract of 41.20 acres, which said 35 foot strip is occupied by a private road and a drainage right-of-way, is not partitioned and appearers shall continue to hold said strip of land measuring 35 feet, more or less, in width by a length of 848 feet, more or less, in indivision." (Emphasis ours)
The record indicates that the strip, "occupied by a private road and a drainage right-of-way", lying north of tract 5, although measuring 35' (actually 34.86') at its eastern terminus actually measured only 29.84' at its western terminus. This circumstance caused the court appointed surveyor to conclude that the sketch attached to the instrument of partition and the location of the several tracts on the ground was erroneous as is more fully explained hereafter.
The testimony of Chester Hebert, the co-partitioner who measured, divided and staked the several tracts was to the effect that he proceeded as follows. He measured the exact width of the "existing" right-of-way at its eastern terminus and found it to be 35 feet. He did not measure the width of the road and ditch at its western terminus but assumed that it was the same as the east. He considered the exact measurement unimportant as the entirety of the "existing" right-of-way was to be reserved from partition. He then measured the east line of the whole property which fronts the public road, commencing at the southeast corner of the "existing" right-of-way and found this line to be 2300' in length. He then measured the west line of the whole property commencing at the southwest corner of the "existing" right-of-way and found such line to be 2220 feet in length. He then proceeded to divide the tract into 5 lots as shown on the sketch attached to the partition. The sketch was then prepared and the southeast and southwest corners of each lot were plainly marked on the ground at the distances as shown on the sketch.
The court appointed expert, Eugene Sellers, in his survey of the property and the boundary lines of the several lots proceeded in the following manner. He first surveyed the outer limits of the entire tract. Thereafter, ignoring the actual width of the "existing" road and ditch right-of-way, he allowed a reserved right-of-way of 35' between parallel lines, his width of the right-of-way being 37.82' on the east and 37.60' on the west.[2] He thereafter proceeded to divide the remainder into lots of near exact equal area. Proceeding in this manner he determined that the west and east lines of each tract are shorter in length from those shown on the partition sketch and the south line of each tract, excepting tract 1, is moved further south and fails to coincide with the markers placed at the southwest and southeast corners of each lot by Chester Hebert.
In summary, discrepancy occurs between the boundaries as fixed by Chester Hebert and that fixed by the court appointed expert because in dividing the property the former reserved to the copartitioners in indivision only the "existing" right-of-way *1299 and the latter reserved from the partition a right-of-way exactly 35' wide between parallel lines.
We conclude that the procedure followed by the court appointed expert in fixing the boundaries between the several tracts was in error in that the results reached do not conform to the recitals of the partition, the sketch attached thereto or the intention of the parties, the latter as reflected by the testimony of several of the original copartitioners.
No where in the instrument of partition is there reserved from the partition a road and ditch right-of-way of exactly 35' between parallel lines. To the contrary the parties reserved from the partition the "strip. occupied by a private road and a drainage right-of-way", which strip was estimated to measure "35 feet, more or less, in width by a length of 848 feet, more or less . .". Additionally, the partition instrument does not indicate that the several tracts allotted were to be exactly equal in area, rather the partition states that the property, less that reserved, is to be divided in such manner that "approximately one-fifth (1/5) of said property should be vested in each of them".
Considering the evidence in the record, particularly the language of the partition instrument, supra, it is more reasonable to conclude that the parties to the partition agreement intended to reserve only the actual area occupied as a road and ditch right-of-way at the time of partition.
All of the experts who testified, including Mr. Sellers, agree that if the tracts allotted in partition are measured from the southeast and southwest corners of the "existing" right-of-way regardless of the width of the road and ditch at such points, that the several tracts allotted in partition, as measured and staked on the ground very nearly coincide with the location and measurements of the several lots as set forth on the sketch attached to the partition. This is shown by exhibit Chester Hebert I, prepared by Sellers, Dubroc & Associates Inc. The exhibit referred to, which we reproduce herein, shows the extent of the "existing" road and ditch right-of-way and the measurements of tract V.
*1300 For these reasons, we conclude that there are no errors or omissions in the original measurements or sketch and that the common boundary between the property of plaintiff and defendant Dalton Morvant is as staked on the ground and as shown by the sketch attached to the 1969 partition.
Plaintiff finally contends that the trial court erred in dismissing his suit. We agree, noting that the court appointed surveyor did not locate the common boundary line between the two properties as staked and sketched by Chester Hebert, which boundary line we have concluded to be correct. Plaintiff is entitled to have this common boundary line, as determined by judgment of the trial court which we affirm, located and judicially fixed by means of a *1301 survey conducted and prepared by a court appointed surveyor. In William T. Burton Industries, Inc. v. Wellman, 343 So.2d 996 (La.1977), our Supreme Court sustained defendant's peremptory exception of prescription, finding possession in excess of thirty years by successive owners to a visible boundary (fence) between adjacent properties. The Court then stated:
"Although the judgment rendered by the trial court attempted to describe with particularity the location of the disputed boundary, there is no reliable evidence in the record on which an accurate description can be based because no surveyor has been appointed and no survey or proces verbal thereof has been made. This Court, therefore, can only affirm the factual findings of the trial judge. Thus the boundary has not been judicially `fixed' as the action in boundary requires under the circumstances. In the absence of agreement between the parties, that must be done by a sworn surveyor of this State, who shall be bound to make a proces verbal of his work in the presence of two witnesses. La.Civil Code arts. 833-39."
Accordingly, we will remand this case to the trial court for the purpose of having a court appointed surveyor go upon the property owned by plaintiff and defendant Morvant and in accordance with recognized and proper surveying techniques, ascertain and locate the common boundary between these respective properties as said boundary is reflected by the partition agreement of 1969 and the judgment of this court.
For the above and foregoing reasons, it is ordered that plaintiff's appeal be dismissed as to defendants Jean Auron Cormier, Airstile Baudoin, Nolan Trahan and Roy Hebert. Further, for the reasons assigned, we reverse that portion of the trial court judgment which dismissed plaintiff's suit as against Dalton Morvant and this matter is remanded to the district court for the sole purpose of the appointment of a surveyor to locate the common boundary between the properties owned by plaintiff and defendant Morvant according to law and consistent with the views expressed herein. In all other respects, the judgment appealed from is affirmed. Costs in the appellate court are assessed one-half to appellant and one-half to appellee. Final assessment of additional costs incurred at the trial level are to be determined on remand.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.

ON APPLICATION FOR REHEARING
PER CURIAM.
Plaintiff-appellant seeks a rehearing from only that part of this court's judgment which affirmed the trial court's assessment of all court costs originally incurred in the trial court, including the cost of the court-appointed surveyor, to plaintiff-appellant. In support of his application appellant urges that under R.C.C. Article 663, and the numerous cases which have interpreted its provisions, the cost of the court-appointed surveyor is to be divided equally between the parties litigant.
We agree that generally cost of a survey in a boundary dispute is to be divided equally between the owners of the estates involved. Harvey v. Havard, 274 So.2d 917 (La.App. 1st Cir. 1973) affirmed, 287 So.2d 780 (La.1973). This general rule is not however, without exception, the provisions of the cited article being inapplicable under certain circumstances. Lirette v. Duplantis, 65 So.2d 639 (La.App. 1st Cir. 1953); Arnaud v. Barber, 225 So.2d 656 (La.App. 3rd Cir. 1969, writ refused, 254 La. 854, 227 So.2d 594; William T. Burton Industries, Inc. v. Wellman, 343 So.2d 996 (La.1977).
In the instant case we concluded that the totality of the circumstances present warranted the trial court's assessment of all court costs originally incurred in the trial court, including the cost of the court appointed surveyor, to plaintiff-appellant. We remain firm in this conclusion. Accordingly, appellants application for a rehearing is denied.
NOTES
[1] We note that Title 5 of Book 2 of the Louisiana Civil Code was repealed by Act 170 of 1977, effective January 1, 1978, and the substance of the law of boundaries is now contained in Title 6 of Book 2, containing articles 784-796, by virtue of Act 169 of 1977, also made effective January 1, 1978. This suit, having been filed prior to the effective date of these acts, is governed by the law existing prior to January 1, 1978.
[2] The increase in the width of the right-of-way at each terminus when a measurement of exactly 35' between parallel lines is allotted occurs as a result of the fact that the existing right-of-way is not situated at right angles to the property.