PER CURIAM.
The appellant, Business Security and Investigation Corporation, Inc., in seeking reversal of a final judgment for appellee, Ben Wood Construction, Inc., poses five points for our consideration. The primary thrust of three of said points is that the evidence adduced at trial was insufficient to support the verdict for appellee, Ben Wood Construction, Inc. We concede that the questions of foreseeability and proximate cause are close; however, our study of the record and briefs leads us to believe there is suffi *314 cient competent evidence m the record to justify the verdict.
We also find no error in the trial court’s rulings admitting expert testimony and the evidence of damages for “Down Time.” Appellant’s argument against admissibility of the expert’s testimony was more properly directed at the weight to be afforded such testimony rather than its admissibility. Regarding the special damages for Down Time, it appears the allegations of the complaint were sufficient as a basis to prove the specific items involved. If appellant were in doubt as to the extent of this claim, it could have moved for more definite statement or made inquiry via discovery.
Appellant, Parliament Insurance Company, contends on this appeal that the liability coverage which its policy afforded Business Security and Investigation Corporation, Inc., is not applicable here because the policy contains an exclusion from liability for damage to property in the care, custody or control of the insured. The parties agree that the duty of the insurer to defend the insured is determined by the allegations of the complaint. National Union Fire Insurance Company v. Lenox Liquors Inc., 358 So.2d 533 (Fla.1977). Looking to the complaint filed by Ben Wood Construction, Inc., we hold the allegations are sufficient to require that the carrier defend the insured and the proof, though not by any means overwhelming, is adequate to support the finding in favor of coverage.
Accordingly, the judgments and orders appealed from are affirmed.
AFFIRMED.
DOWNEY and GLICKSTEIN, JJ., and FUTCH, M. DANIEL, Jr., Associate Judge, concur.