KNOLL, Judge.
Saule Schexneider (hereafter Schexneider) appeals the judgment of the trial court maintaining the defendant’s, Edes Ville-join’s (hereafter Villejoin), exception of 10 and 30 years acquisitive prescription of a disputed strip of land, and the establishment of the boundary line which gave Ville-join the entirety of the disputed property. The trial court concluded that it was the intention of the common ancestor in title of both Schexneider and Villejoin to set the boundary at the fence line, and that Ville-join maintained possession of the disputed area to the fence line in excess of thirty years. Schexneider contends that the trial court erred: (1) in determining that Ville-join’s title must be read to include the strip of land west of the Hunter Canal Lateral up to the fence line; (2) in its conclusion that Villejoin established possession of the disputed strip of land sufficient to prove 10 and 30 years acquisitive prescription; (3) in failing to find Schexneider established possession of the disputed tract sufficient to prove 30 years acquisitive prescription; and (4) in denying Schexneider the opportunity to establish the location of Villejoin’s western boundary by use of parol evidence. We affirm.
*862 FACTS
We have been favored by the learned trial judge’s excellent reasons for judgment thoroughly setting forth the facts, which we incorporate herein:

“This is an action to determine the boundary between two contiguous tracts of land. The plaintiff, Saule Schexneider is the owner of the tract to the west of the disputed area. The defendant, J.D. Villejoin [sic] is the owner of the tract to the east of the disputed area.

The dispute arose in 1978 when the plaintiff removed a fence to the west of and approximately parallel to what is known as the Hunter Canal Lateral. Shortly after the fence was removed by the plaintiff, the defendant rebuilt it. The defendant contends that this fence is his western boundary. The plaintiff contends that his eastern boundary extends to the center line of the Hunter Canal Lateral. Thus the area in dispute is within this fence line and the center line of the now abandoned Hunter Canal Lateral.

The defendant’s grandfather, Adam Villejoin, purchased the eastern tract in 1938 from S.P. Robideaux. The conveyance instrument describes the property as follows:

That certain tract of land lying and being situated in the Parish of Vermilion, Louisiana, containing 40.14 acres, more or less, being known and designated as Southeast Quarter of the 'Northeast Quarter of Section 7, Township 11 South, Range 2 East, bounded North by Neman Hoffpauir or assigns, East by gravel road, South by Hunter Canal of Alcee Bell and West by S.P. Robideaux.

The plaintiff bought the western tract in 19j2 from S.P. Robideaux and A.E. Robideaux. The conveyance instrument describes the tract as follows:

That certain tract or parcel of land lying and being situated in the Fifth Ward of Vermillion [sic] Parish, Louisiana, described and designated as 120 acres, more or less, bounded on the North by Leonce Schexneider and Laurent LeBlanc and also Galbert LeBlanc, East by Adam Villejoin, South by Leonce Schexneider and Dulva Thibodeaux and West by Mason Smith and/or Public Road.

In 1916, prior to either of the above transactions, the ancestor in Title of S.P. Robideaux, J.P. Robideaux conveyed a thirty-five (35) foot strip of land to the Hunter Canal Company for use as an irrigation canal. This strip is known as the Hunter Canal Lateral. The conveyance instrument provided that if this strip were not used for three consecutive years as an irrigation canal, the ownership thereof would revert to the ‘present-vendor or future owner of said property. ’

The testimony at trial indicated that the Hunter Canal Lateral was last used for irrigation purposes in 1971. According to the reversionary clause within the conveyance instrument, title to the thirty-five (35) foot wide strip reverted in 1974- The plaintiff has argued in his briefs that because his boundary extended up to the Hunter Canal Lateral, upon its abandonment the plaintiff would acquire ⅞ of the abandoned strip. The defendant alleges that because he owned up to the fence line, and hence on both sides of the canal, when the canal lateral reverted upon abandonment he became owner of the thirty-five (35) foot wide strip. The crucial issue then is who is the owner of the strip of land between the fence line and the western side of the Hunter Canal Lateral [ an area comprising 0.98 acres]

The testimony of Eugene Sellers, the court appointed surveyor, indicated that he was unable to locate the ideal boundary between these two tracts. This finding was based on the fact that he was unable to locate the original section lines and comer markers upon which to base his survey. He offered various conclusions as to the ideal 
*863
boundary none of which can be supported by his findings.

Each party’s respective title has been filed into the record. Both are derived from a common ancestor, S.P. Robi-deaux. The defendant’s title, being the more ancient, describes his western boundary as the property of S.P. Robi-deaux. The plaintiffs title describes his eastern boundary as the property of Adam Villejoin. Neither description mentions the Hunter Canal Lateral which is admittedly in the vicinity of the boundary between these two parties. The court notes that this omission gives rise to much of the uncertainity [sic] surrounding the dispute. ”

The following Civil Code articles are applicable in general to boundary actions:

“Art. 792. Fixing of boundary according to ownership or possession

The court shall fix the boundary according to the ownership of the parties; if neither party proves ownership, the boundary shall be fixed according to limits established by possession.

Art. 793. Determination of ownership according to titles

When both parties rely on titles only, the boundary shall be fixed according to titles. When the parties trace their titles to a common author preference shall be given to the more ancient title. Art. 794. Determination of ownership according to prescription

When a party proves acquisitive prescription, the boundary shall be fixed according to limits established by prescription rather than titles. If a party and his ancestors in title possessed for thirty years without interruption, within visible bounds, more land than their title called for, the boundary shall be fixed along these bounds. ”

ACQUISITIVE PRESCRIPTION
Schexneider contends that the trial court erred in finding that Villejoin proved acquisitive prescription of 10 and 30 years of the disputed tract, and that Villejoin’s title does not describe and identify the land claimed sufficient to establish 10 years acquisitive prescription.
The following codal articles are applicable to the acquisition of immovable property by 10 years prescription:

“Art. 3473. Prescription of ten years Ownership and other real rights in im-movables may be acquired by the prescription of ten years.

Art. 3j75. Requisites

The requisites for the acquisitive prescription often years are: possession of ten years, good faith, just title, and a thing susceptible of acquisition by prescription.

Art. 3480. Good faith

For purposes of acquisitive prescription, a possessor is in good faith when he reasonably believes, in light of objective considerations, that he is owner of the thing he possesses.

Art. 3481. Presumption of good faith Good faith is presumed. Neither error of fact nor error of law defeats this presumption. This presumption is rebutted on proof that the possessor knows, or should know, that he is not owner of the thing he possesses.

Art. 3483. Just title

A just title is a juridical act, such as a sale, exchange, or donation, sufficient to transfer ownership or another real right. The act must be written, valid in form, and filed for registry in the conveyance records of the parish in which the immovable is situated. ”

Acquisitive prescription of 30 years is governed by the following codal articles:

“Art. 3486. Immovables; prescription of thirty years

Ownership and other real rights in im-movables may be acquired by the prescription of thirty years without the need of just title or possession in good faith.

Art. 3488. Applicability of rules governing prescription of ten years.

The rules governing acquisitive prescription of ten years apply to the prescription of thirty years to the extent 
*864
that their application is compatible with the prescription of thirty years. ”

Schexneider contends that the title description is insufficient because the description is not prima facie translative of title, therefore, Villejoin failed to establish 10 years acquisitive prescription. In support of this argument, Schexneider urges Waterman v. Tidewater Associated Oil Co., 213 La. 588, 35 So.2d 225 (1947) which holds that:

“In order to establish the acquisitive prescription, plaintiffs are required to prove, in addition to good faith possession for the required time, that the deed under which they claim describes and identifies the land with clarity and that it is prima facie translative of the property. It is not enough that the description in the deed might be construed to include the land in question. ”

However, Waterman v. Tidewater Associated Oil Co. does not preclude the court from considering extrinsic evidence in determining title descriptions.
For purposes of 10 years acquisitive prescription, a deed which describes the tract conveyed by its general name, its acreage and by bordering tracts is sufficient to convey just title for purposes of prescription. Bishop Homes, Inc. v. Devall, 386 So.2d 313 (La.App. 1st Cir.1976), writ denied, 338 So.2d 1155 (La.1976). If the property intended to be conveyed is ascertainable with certainty by aid of admissible extrinsic evidence, the description is sufficient to support a plea of 10 years acquisitive prescription. Authement v. Theriot, 292 So.2d 319 (La.App. 1st Cir.1974); Snelling v. Adair, 196 La. 624, 199 So. 782 (1940).
The trial court found that the fence west of the Hunter Canal: (1) remained in essentially the same place for 40 years; (2) was definitely in place when Schexneider purchased the property in 1942; and (3) was temporarily dismantled by Schexneider in the early 1950s to clean a drainage ditch, which he rebuilt in the same location. On this basis, and supported by the record, we cannot say that the trial court erred in its determination that the property description of Villejoin was sufficiently translative of title, inclusive of the property up to the fence west of the Hunter Canal.
In ruling that Villejoin proved 10 and 30 years acquisitive prescription, the trial court stated:

“The preponderance of the evidence shows that the defendant has been in possession of the disputed area up to the fence line well in excess of thiry [sic] years. From 1938-1964 Adam Vil-lejoin, the defendant’s grandfather, grazed cattle upon the property up to the fence line and in alternating years farmed the Villejoin tract. Thereafter, the defendant and his father, Edes Vil-lejoin, farmed the Villejoin tract. J.D. Villejoin occasionally trapped rodents in the area just to the east of the fence line and burned the levee of the Hunter Canal Lateral to remove thick growth. Considering the nature and character of the land in the strip the Court finds the defendant’s acts sufficient to find the defendant in possession up to the fence line and furthermore such acts are sufficiently continuous and public to meet the requisites of thirty (30) years acquisitive prescription.

The Court finds that the plaintiff has failed to rebut the presumption that the defendant’s possession is in good faith. The Court further finds that the defendant possesses by virtue of a just title. His title is sufficient to identify the property described, and is otherwise translative of title. For these reasons the defendant has established ownership by ten (10) year acquisitive prescription as well. ”

Schexneider argues that Villejoin could not have acquired title to the 35 foot canal strip or the area from the west bank of the canal to the fence on the west side of the disputed strip because he has not possessed with continuous, uninterrupted, peaceable, public and unequivocal possession sufficient to establish 30 years acquisitive prescription. We disagree, finding that the record supports the trial court’s *865 conclusion that Villejoin’s possession was sufficient to meet the requirements of acquisitive prescription.
Schexneider contends that Villejoin could not have acquired title to the Hunter Canal because it was owned by and in the use of the canal company until 1971. While we agree that Villejoin could not have acquired title to the canal, the ownership of the canal was not the determinative factor in this case. The determinative factor was whether the trial court erred in concluding that Villejoin acquired title to the tract between the west bank of the Hunter Canal and the fence west thereof If Ville-join owned the land on either side of the canal, then, under the reversionary language of the 1916 deed, he acquired title to the canal after it ceased operation for three years.
Schexneider contends that Ville-join’s acts of possession were neither continuous nor uninterrupted. The trial court concluded that Adam Villejoin grazed cattle on his 40.14 acre tract in alternate years from 1938 to 1963, and that when he died in 1963, Edes Villejoin (Adam’s son) continued to graze cattle for one or two additional years. John Davis Villejoin (Adam’s grandson) testified that occasionally the cattle crossed the Hunter Canal to graze on the disputed strip of land west of the canal. John Davis Villejoin further testified that he trapped rodents on the Hunter Canal levees and in the drainage ditch west of the canal (just east of the fence) from 1963 until 1974, and that he periodically burned the weeds on the Hunter Canal levees and in the canal.
The possession necessary to maintain a plea of acquisitive prescription depends on the nature and character of the land. William T Burton Industries, Inc. v. Wellman, 343 So.2d 996 (La.1977). Where there is a visible boundary which has been in existence for 30 years or more and the defendant in a boundary action and his predecessors in title have actually possessed land extending to that visible boundary, a plea of prescription should be sustained. Sessum v. Hemperley, 233 La. 444, 96 So.2d 832 (1957). Once possession has begun, it continues unless it is abandoned or the possessor is evicted. LSA-C.C. Art. 3433.
We find that the record supports the acts of possession by Villejoin were continuous and uninterrupted.
Schexneider claims that he had the ditch cleaned with a drag line on three occasions, used the ditch to drain his adjoining land, and poisoned the weeds in the drainage ditch. Accordingly, he argues that the trial court erred in failing to find that his acts of possession were sufficient to maintain a plea of acquisitive possession of the disputed tract. Schexneider testified that the fence was in existence west of the canal when he purchased the land from Robideaux in 1942, that through the years he has maintained the fence (rebuilding it in approximately the same place at least twice), and that he never used the property east of the fence.
In a boundary action, the boundary’s location is a question of fact which the trier of fact determines, and such determination should not be reversed on appeal in the absence of manifest error. Williams v. Peacock, 441 So.2d 57 (La.App. 3rd Cir.1983). After carefully reviewing the record, we cannot say the trial court committed manifest error.
PAROL EVIDENCE
Schexneider contends that the trial court excluded testimony and documentary evidence regarding the existence of the section comer of the NE/4 of Section 7, T11S-R2E, Vermilion Parish, Louisiana. The court appointed surveyor was unable to locate the original section corners and was, therefore, unable to establish Villejoin’s western boundary. At trial Schexneider attempted to introduce John Villejoin’s deed to property adjoining the northern boundary of the Villejoin 40.14 acre tract, and the plat of survey attached thereto. The survey plat showed the section comer post for the NE/4 of Sec. 7, T11S-R2E, and from this plat Schexneider intended to *866 show that based on this corner post, the western boundary of the Villejoin 40.14 acre tract would have been the eastern bank of the Hunter Canal. Upon objection the trial court disallowed this evidence as being irrelevant. We agree.
The trial court is granted great discretion in determining the relevancy of evidence. Dubois v. State Through Dept. of Pub. Safety, 466 So.2d 1381 (La.App. 3rd Cir.1985). The parol evidence involved a survey of a different tract of land, and the surveyor who prepared it in 1962 was deceased, therefore, he could not identify and explain the field data used by him in reaching his conclusions regarding the location of the corner section marker. Under these circumstances we cannot say that the trial court erred in excluding this evidence. Furthermore, the trial court’s final resolution of this boundary dispute hinged on its finding of acquisitive prescription, not record title.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to the appellant, Saule Schexneider.
AFFIRMED.