STOKER, Judge.
The appellant contests the establishment of a boundary along an old fence line between his property and the appellees’ land.
FACTS
The plaintiffs in this suit are five brothers and sisters who inherited property from an aunt. The aunt’s husband, Paul An-gelle, had purchased the land from Leonard LeBlanc in 1944. The defendants were the heirs of the wife of Elphege Hebert. El-phege Hebert bought thirty arpents from Leonard LeBlanc in 1898, and an additional arpent in 1904. The tracts of Paul Angelle and Elphege Hebert were contiguous.
The plaintiffs filed this boundary action on January 28,1983, asking the court to fix their eastern boundary, which coincided with the defendants’ western boundary. A surveyor was appointed. On his map, he noted an “old” fence line, and a “new” fence line to the west. The plaintiffs asked that the boundary be set along the old fence line; the defendants argued that the new fence line was the proper boundary. On October 6, 1983, the plaintiffs filed pleas of acquisitive prescription of ten and thirty years.
The trial judge concluded that “the plaintiffs have proved thirty years acquisitive prescription; they have possessed for thirty years without interruption, within visible bounds, more land than their title called for. Accordingly, the boundary shall be established by prescription rather than title as required by Louisiana Civil Code art. 794.” He fixed the boundary along the old fence line. He also taxed all costs against the defendants, contrary to jurisprudence indicating that costs of a boundary action should be divided equally, as he found that Hebert initiated the dispute by erecting the “new” fence “in disregard of plaintiffs [sic] desires.”
Only one of the defendants, Percy Hebert, has appealed. He assigns as error the setting of the boundary along the “old” fence line, and the failure to divide the costs of the boundary action between plaintiffs and defendants. We find his argu *1089 ments to be without merit, and we affirm this portion of the trial court’s judgment,
BOUNDARY
LSA-C.C. art. 794 provides:
“When a party proves acquisitive prescription, the boundary shall be fixed according to limits established by prescription rather than titles. If a party and his ancestors in title possessed for thirty years without interruption, within visible bounds, more land than their title called for, the boundary shall be fixed along these bounds.”
The location of a boundary is a question of fact to be determined by the trier of fact, and such a determination should not be reversed on appeal in the absence of manifest error. Williams v. Peacock, 441 So.2d 57 (La.App. 3d Cir.1983).
As the trial judge noted, the testimony was conflicting and confusing. A ditch was dug on the disputed area around 1946. Several witnesses testified that the ditch was on the plaintiffs’ property; others stated that it was on the defendants’ side. A fence has existed for many years to the east of the ditch, but its exact age is uncertain. At oral argument, Hebert’s counsel contended that this fence did not extend the length of the two lots. However, the court-appointed surveyor as well as an earlier surveyor showed that there was indeed some sort of fence from the northern to the southern boundaries of the parties’ property-
In 1982 or 1983, the appellant Percy Hebert built a new fence on the west side of the ditch. He asserts that this new fence is the boundary. Several of the plaintiffs’ witnesses testified that they had cleared and maintained the disputed area over the years for the Angelíes and their heirs, though little was required, as the land was used as a headland or pasture. In light of this evidence, we cannot say that the trial judge erred in concluding that the plaintiffs met the requirements of acquisitive prescription, namely, that they had possessed the property between the fences for at least thirty years without interruption before Hebert erected the new fence.
The appellant takes issue with the validity of the survey filed by the court-appointed surveyor. He also argues that the boundary should be set according to the titles of the parties. Since the boundary was set based on acquisitive prescription, the accuracy of the survey, or the lack thereof, is irrelevant. In addition, acquisition by prescription supercedes any claims based on title, under LSA-C.C. art. 794.
COSTS
Costs in a boundary action are to be taxed in accordance with the rules of the Code of Civil Procedure, which provide that costs shall be paid by the party cast, or as the court considers equitable. LSA-C.C. art. 790; LSA-C.C.P. art. 1920. A jurisprudential rule provides that generally costs should be equally divided, as both parties benefit by the fixing of a boundary. Fontenot v. Marks, 430 So.2d 810 (La.App. 3d Cir.1983); Bergeron v. Fournier, 426 So.2d 658 (La.App. 1st Cir.1982). However, the assessment is a matter of discretion, and the behavior of the defendant may justify taxing him with all of the court costs. McCullin v. Sumners, 401 So.2d 458 (La.App. 2d Cir. 1981), writ denied, 406 So.2d 610 (La.1981).
We find no reason to disturb the trial court’s action taxing all costs against defendants as provided in the judgment. In so doing, the trial court evidently had Percy Hebert in mind, as he commented that “the defendant initiated the dispute by erecting the fence in disregard of plaintiffs’ desires” and “defendant made no attempt to settle the matter.” For these reasons, the trial court observed that “it is only equitable that he should bear the costs.” Percy Hebert was the only defendant who appealed. We note that of the three other defendants, Susan Guidry Zimmerman answered the plaintiffs’ suit and admitted plaintiffs’ claim by recognizing the old fence line as the correct boundary line. We do not find that the other two *1090 defendants ever filed an answer, and the trial court noted in its reasons for judgment that only Percy Hebert contests plaintiffs’ claim at the trial. Under the circumstances, and under the authority of LSA-C. C.P. art. 2164, we amend the trial court’s judgment to bring it in conformity with what appears to be the trial court’s intention. We amend to assess all costs of court in the trial court to defendant-appellant Percy Hebert alone.
CONCLUSION
We affirm the judgment of the trial court in fixing the boundary along the old fence line. We amend the judgment so as to tax all costs of the trial court against the defendant, Percy Hebert. The costs of this court are assessed against the appellant, Percy Hebert.
AMENDED AND AFFIRMED AS AMENDED.